IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV421

| | |
|---|---|
| KATINA PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PNC MORTGAGE, HUTCHENS ) | |
| LAW FIRM and NORTH ) | |
| CAROLINA HOUSING FINANCE ) | |
| AGENCY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Defendants' Motions to Dismiss. The *pro se* Plaintiff has filed multiple documents in response to these motions, and has even filed a Motion for Summary Judgment.

**FACTUAL BACKGROUND**

Plaintiff's claims arise out of a mortgage loan secured by real property located at 4334 Craven Hill Drive, Charlotte, North Carolina 28216 (the "Property"). A foreclosure action was initiated against the Plaintiff and an Order Allowing Foreclosure was entered in Mecklenburg County Superior Court in November of 2013.[1] Plaintiff failed to appeal the order of foreclosure

---

[1] The Order Allowing Foreclosure, as well as the other public records relevant to the Property are attached as Exhibits to the Defendants' Motions to Dismiss. Because these are public records, the Court may consider them without converting these Motions into motions for summary judgment. *See Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.") (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). In addition, "a court may consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *Sun Chems. Trading Corp. v. CBP Res., Inc.*, 2004 U.S. Dist. LEXIS 15460 (M.D.N.C. June 3, 2004) (internal quotation marks omitted).

1

but has since attempted to thwart the foreclosure action multiple times by filing several bankruptcy petitions, as well as transferring the Property to a trust.

Plaintiff contends that Defendants' efforts to collect on the loan violate the Fair Debt Collection Practices Act ("FDCPA") and that their reporting of the status of the loan on her credit violates the Fair Credit Reporting Act ("FCRA"). In addition, Plaintiff brings state claims for invasion of privacy, negligent hiring or supervision, and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). As the basis for her claims, Plaintiff alleges that she is "without knowledge of the alleged debt Defendants purport to claim is owed." Compl., ¶ 5. Plaintiff adds that she verbally requested a "Notice of Validation of Debt" from Defendant PNC Mortgage on February 6, 2014 and that PNC responded by sending her copies of the Deed of Trust and underlying promissory note. *Id.*, ¶¶ 7- 8, Exh. C. Plaintiff further alleges that she has discovered that PNC reported the debt to the three credit reporting agencies and that this purportedly erroneous credit reporting has caused her significant economic harm. *Id.*, ¶¶ 9-10. Finally, Plaintiff alleges that PNC pulled her credit on July 26, 2015 although the document she has attached to her Complaint to support that allegation shows no such thing. *Id.*, ¶ 18, Exh. D.

PNC Bank, N.A. and North Carolina Housing Finance Agency ("NCHFA") (the "Bank Defendants") have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Hutchens Law Firm ("Hutchens")[2] has moved to dismiss pursuant to Rule 12(b)(6) as well as Rules 12(b)(2), 12(b)(4) and 12(b)(5). The Court will first address the 12(b)(6) motions.

---

[2] Hutchens is the law firm who served as counsel for the Substitute Trustee and the current Note Holder, Defendant NCHFA.

**STANDARD OF REVIEW**

In order to survive a motion to dismiss for failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice." *Id.*

**DISCUSSION**

The gravamen of Plaintiff's Complaint is her contention that she owes no indebtedness to the Bank Defendants. However, the recorded Deed of Trust makes clear that Plaintiff borrowed the sum of $99,000 from original lender AHM to finance the Property. *See* Bank Defendants' Motion to Dismiss, Exh. A.

The recorded Assignment of Deed of Trust substantiates that the Deed of Trust was assigned to NCHFA. *See Id.*, Exh. B. Finally, the exhibits Plaintiff attaches to her Complaint show that PNC was servicing the loan for NCFHA. *See* Compl., p. SOS7, Exhs. A-B.

This Court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Plaintiff's contention that she does not owe this obligation to the Bank Defendants is implausible and untenable because it is contradicted by public records. For these reasons, the Complaint's assertions that the Bank Defendants wrongfully attempted to collect the debt and report its status on her credit fail to state an adequate claim for relief.

In addition, each of Plaintiff's legal theories fail as matter of law. Plaintiff's first cause of action is brought against the Bank Defendants under the FCRA, wherein she appears to assert that Bank Defendants' reporting on the status of the mortgage loan violated the FCRA. *See* Compl., ¶ 15. To the extent that Plaintiff's FCRA claim is predicated upon the implausible contention that she owes no such indebtedness, it is contradicted by the publicly recorded Deed of Trust and Assignment. Nevertheless, Plaintiff has not stated a claim under FCRA.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes duties on both credit reporting agencies as well as "furnishers of information." 15 U.S.C. § 1681s-2. While the "FCRA explicitly bars private suits for violations of § 1681s-2(a), . . . consumers can still bring private suits for violations of § 1681s-2(b)." *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 149 (4th Cir. 2008). To the extent that Plaintiff seeks to assert a claim against the Bank Defendants under § 1681s-2(a), as she cites in her Complaint, such claim is barred. *See* Compl. ¶ 15.

Pursuant to § 1681s-2(b)(1)(A) of the FCRA, a consumer may bring suit if a "furnisher of information" under FCRA fails to conduct a "reasonable examination" or "careful inquiry" into a consumer dispute received from a CRA. *See Johnson v. MBNA America Bank*, 357 F.3d 426 (4th Cir. 2004). "Thus, to bring a claim under § 1681s–2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to [reasonably] investigate and modify the inaccurate information." *Alston v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 33860, *9-10 (D. Md. March 12, 2013) (quoting *Ausar-El v. Barclay Bank Del.*, 2012 U.S. Dist. LEXIS 106572, *7-8 (D. Md. July 31, 2012)). Plaintiff's Complaint alleges none of these elements and thus fails to state a claim under the FCRA.

Plaintiff's second cause of action, invasion of privacy, is likewise asserted only against the Bank Defendants. Plaintiff alleges that PNC pulled her credit on July 26, 2015 and thereby invaded her privacy. *See* Compl., ¶ 18.[3] First of all, Plaintiff's contention that PNC was unauthorized to pull her credit report because it is not her creditor is contradicted by the documents establishing Bank Defendants' rights to the loan. Moreover, Plaintiff's invasion of privacy claim is preempted by FCRA. Furnishers of credit information are regulated solely under the FCRA. Therefore, all claims (including both statutory and common law claims) which involve a party's responsibilities under Section 1681s-2 are preempted by Section 1681t(b)(1)(F). *See Blackburn v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 130905, at *19 (M.D. Ga. Sept. 13, 2012) ("The Court finds that § 1681t(b)(1)(F) preempts the

---

[3] The document which Plaintiff attaches to support this allegation shows only that PNC was reporting the status of the credit account and not that it pulled her credit. Compl. ¶ 18, Exh. D.

[claimants'] Georgia common law claims for damages based on allegations of BAC's inaccurate reporting to credit bureaus, including intentional and negligent servicing and harm to credit reputation."); *see also Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2nd Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011). Plaintiff may only assert a claim pertaining to credit reporting within the ambit of FCRA. Plaintiff's attempt to assert a separate state law claim pertaining to her credit is preempted by the FCRA and, as discussed above, Plaintiff states no claim under the FCRA in her Complaint.

Plaintiff also asserts that each Defendants' conduct violates the UDTPA. To state a claim under the UDTPA, a plaintiff must allege: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury." *Walker v. Fleetwood Homes of N.C., Inc.*, 362 N.C. 63, 71-72 (2007). "Conduct is unfair or deceptive if it has the capacity or tendency to deceive the average consumer." *Creekside Apartments v. Poteat*, 116 N.C. App. 26, 36 (1994). A trade practice is unfair or deceptive "when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id*. Whether an act or practice violates the UDTPA is a question of law, not a question of fact. *Hamilton v. Mortg. Info. Servs.*, 212 N.C. App. 73, 84, n.7 (2011). Accordingly, it is appropriate for the trial court to dismiss a claim for violation of the UDTPA if it fails to establish a prima facie case for unfair or deceptive trade practices. *See Noble v. Hooters of Greenville (NC), LLC*, 199 N.C. App. 163, 172 (2009).

Plaintiff fails to establish a claim for violation of the UDTPA because Plaintiff has failed to make plausible allegations of wrongdoing by Defendants or otherwise establish that any Defendant committed a deceptive act or practice under the Act. Plaintiff unmistakably owes Bank Defendants a debt and her underlying contentions that Bank Defendants have attempted to

6

collect a purportedly nonexistent debt are contradicted by the loan documents of public record subject to judicial notice. Moreover, Plaintiff's allegations consist of conclusory statements that fail to provide a sufficient factual content to state a proper cause of action under the UDTPA.

Plaintiff's fourth cause of action is against the Bank Defendants for negligent hiring or supervision. In order to state a claim for negligent hiring or supervision, Plaintiff must allege the following: (1) the specific negligent act on which the action is founded; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision; and (4) that the injury complained of resulted from the incompetency. *See Taft v. Brinley's Grading Servs.*, 225 N.C. App. 502, 516 (2013). Plaintiff never specifies the manner in which any Bank Defendant employees were negligent or the manner in which supervision of those employees was negligent. Instead, Plaintiff relies exclusively upon the barren, unsupported legal conclusion of negligent hiring or supervision, failing to satisfy the essential elements of this claim.

Plaintiff's fifth and final cause of action is alleged against all Defendants for violation of the FDCPA. With regard to the Bank Defendants, Plaintiff fails to allege sufficiently that either Bank Defendant is a debt collector within the meaning of the FDCPA. Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Debt Collector" does not include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such

person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...." *Id*. "[T]he law is well-settled… that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *See Flores v. Deutsche Bank National Trust Co.*, 2010 U.S. Dist. LEXIS 67255, * 17-18 (D. Md. July 7, 2010). Therefore, the FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 717 (E.D.Va. 2003) ("[C]reditors are not liable under the FDCPA.")  Further, a plaintiff is required to make factual allegations sufficient to plausibly demonstrate that the defendant is a "debt collector" under the FDCPA in order to survive a motion to dismiss. *Cyrus v. Wells Fargo Bank, N.A*., 2013 U.S. Dist. LEXIS 34783, *12 (N.D. Ga. Feb. 6, 2013) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants meet the definition of debt collectors, such that the FDCPA applies to them."). Plaintiff fails to plausibly allege that either of the Bank Defendants are debt collectors within the meaning of the statute.

Defendant Hutchens, however, is a debt collector within the meaning of the statute.  Most of the allegations against this Defendant are merely a recitation of the prohibited activity listed in the statute and fail to allege a factual basis to state a plausible claim.  The only allegation that Plaintiff appears to support with facts is her allegation that once contacted by Defendant Hutchens regarding the Notice of Default she disputed the validity of the debt. *See* Compl. ¶ 35, Exh. A.  The FDCPA provides that once a consumer notifies the debt collector that the debt is disputed, the debt collector must send the consumer verification of the debt.  *See* 15 U.S.C.

§1692g(b). She alleges that "[d]efendants and each of them has failed to provide one scintilla of proof of their alleged debt." Compl. ¶ 35. This allegation, however, is directly contradicted by paragraph 8 of her Complaint, in which she alleges that she did receive "redacted copies" of "publicly listed documents," which she attached as Exhibit C to her Complaint. Exhibit C is the Note and Deed of Trust. Therefore, Plaintiff's Complaint shows that Defendants did send her verification of the debt in compliance with the statute. These allegations fail to state a claim that is plausible on its face.

As the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court finds it unnecessary to address Defendant Hutchen's Motions to Dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5).

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss are hereby GRANTED, and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

Signed: November 20, 2015

Graham C. Mullen
United States District Judge